May Term,
1830.

MORRISON
v.
THE EATON
AND HAMIL-
TON RAIL-
ROAD CO.

*A. Ellison,* for the appellant.

*J. E. McDonald,* Attorney General, for the state.

---

MORRISON *v.* THE EATON AND HAMILTON RAILROAD COMPANY.

A clause in the charter of a corporation authorizing the company to borrow money "on such terms as might be agreed upon between the parties," empowers them to borrow at a rate of interest beyond that established by the general law.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—*Robert Morrison* sued the defendants upon a promissory note for 9,426 dollars, dated *November* 30, 1854, and due three years after date, with 12 per cent. interest.

The cause was submitted to the Court without a jury, and "the Court found for the plaintiff the principal of said note alone, and refused to allow any interest thereon, on the ground that the note was, on its face, usurious," and rendered judgment accordingly.

The plaintiff appealed, and alone assigns errors in this Court.

The only one relied on by the plaintiff here (and no cross-errors are assigned by the defendant), is the refusal to allow interest on the note.

May Term, 1860.

MORRISON
v.
THE EATON
AND HAMIL-
TON RAIL-
ROAD CO.

The charter of the corporation that negotiated the loan was a special one, granted in 1846, and authorized the borrowing of money "on such terms as might be agreed upon by the parties."

And the question is, did that clause of the charter empower the company to borrow money at a rate of interest beyond that established by the general law of the state?

That the clause was inserted in the charter expressly to enable the corporation to borrow money on such higher rate of interest, we have no doubt; and if it failed to accomplish that end, its insertion was nugatory—powerless for any purpose whatever; for as to all other terms of the contract of loan, the general grant of power to borrow, perhaps, indeed, the simple creation of the corporation, would have been adequate. See *Smead* v. *The Indianapolis, &c., Railroad Co.*, 11 Ind. R. 104. We know historically that at the time the charter in question was granted, money could not be obtained by such corporations at 6 per cent., the legal rate of interest; and, hence, in the application for charters, special powers on the subject were usually sought. They were sought expressly to enable the corporations to give a rate of interest that would induce the loan.

And the rate of interest of a loan is certainly one of the most important of the terms upon which it is negotiated. It is embraced, therefore, by the strict letter, as beyond doubt it is, as we have shown, by the spirit, of the provision of the charter.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Court below to render the judgment for an amount covering the principal due, with interest thereon at 12 per cent.

*J. S. Newman* and *J. P. Siddall*, for the appellant.

*O. P. Morton*, *W. A. Bickle*, *W. P. Benton*, and *J. F. Kibbey*, for the appellees.